**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

LO'RE PINK,                              )
                                         )
        Plaintiff,                )
                                         )
v.                                       )    Case No. CIV-24-969-J
                                         )
STEVEN HARPE, et al.,                    )
                                         )
        Defendants.               )

**ORDER**

Plaintiff Lo'Re Pink, a state prisoner appearing pro se, initiated this civil rights action against various Oklahoma Department of Corrections employees on September 18, 2024. (Compl.) [Doc. No. 1].[1]  The matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636.  [Doc. No. 7].

On September 30, 2024, Judge Mitchell issued a Report and Recommendation recommending that the Court transfer this action to the United States District Court for the Eastern District of Oklahoma under 28 U.S.C. § 1404(a).  *See* (R. & R.) [Doc. No. 8] at 7.  Plaintiff objected to the Report and Recommendation on October 7, 2024.  (Obj.) [Doc. No. 9].  The Court "applies de novo review to those findings on which Plaintiff specifically objected but reviews the non-objected to portions of the Recommendation only to confirm that there is no clear error on the face of the record."  *Gauthier v. Hunt*, No. CIV-20-1153-J, 2021 WL 1886297, at *2 (W.D. Okla. May 11, 2021) (cleaned up).

Plaintiff alleges that on June 8, 2022, while housed at a "medium security facility," she was summoned to the deputy warden's office to give a statement regarding an incident of lewd

---

[1] All page citations refer to the Court's CM/ECF pagination.

conduct by another inmate in front of her and a female guard.  Compl. at 11.  Despite expressing

concern about retaliation if forced to "participate[] in an investigation that turned into a 'Prison

Rape Elimination Act' (PREA) [investigation]," the deputy warden "bullied" her into speaking

and then sent her back to her cell.  *Id.* (cleaned up).  The next day, she was unexpectedly transferred

from the "medium security facility to the supermax area of the maximum security [facility],"

without "any hearing or notice" regarding the reason for her transfer.  *Id.*  After several weeks, she

was "taken to a 'supermax segregation hearing' and placed on 'long-term (indefinite) special

management classification status'" due to a PREA investigation.  *Id.* at 11–12 (cleaned up).  At

the hearing, she "was not told what [she] had done" or "what the particular PREA allegation

investigation was about."  *Id.* at 12.

On August 3, 2022, Plaintiff "sent a request to staff" stating that the "Oklahoma

Investigative General . . . exonerated [her] of any wrongdoings."  *Id.* at 12–13 (cleaned up).  And

despite being informed that she would be transferred back to the "medium [security] facility where

[she] was at before the PREA investigation," she was "left on the same supermax unit, in the same

cell, with all the restrictions that w[ere] in place with the initial placement."  *Id.* at 13.  She claims

she "is still on the supermax unit and facility eight hundred and twenty (820) days later."  *Id.* at

17.  Separately, Plaintiff alleges that the warden has unlawfully refused her medical care and that

she has endured inappropriate sexual touching by prison guards.  *Id.* at 36–37.

Plaintiff asserts claims under the First, Fourth, Eighth, and Fourteenth Amendments, as

well as under state law.  *See id.* at 26–30.  She seeks both compensatory and punitive damages.

*See id.* at 30–35.

On review, while acknowledging that venue is proper in both this district and the Eastern

District of Oklahoma, Judge Mitchell reasoned that the alleged events underlying Plaintiff's claims

occurred at the Oklahoma State Penitentiary in Pittsburg County, which lies within the territorial boundaries of the Eastern District of Oklahoma.  R. & R. at 5.  Consequently, she concluded that a transfer under 28 U.S.C. § 1404(a) "not only would enhance the convenience of the parties and the witnesses, but also advance the interest of justice."  *Id.* at 6 (internal quotation marks omitted).

In Plaintiff's objection, she insists she has "shown direct evidence that the case 'will' eventually revolve around the defendants in the Western District Court area."  Obj. at 2.  She primarily argues that "Regional Director Tommy Sharp," apparently located in this district, is "the boss and . . . allowed these acts to occur."  *Id.* at 2–3.

"A motion to transfer venue is governed by 28 U.S.C. § 1404 if the plaintiff's chosen venue is proper."  *Kruse v. Gerdisch*, No. 23-cv-01153-TC-RES, 2024 WL 4040347, at *1 (D. Kan. Sept. 3, 2024).  Under § 1404(a), "a district court may transfer any civil action to any other district . . . where it might have been brought" if the convenience of the parties and witnesses and the interest of justice favor transfer.  28 U.S.C. § 1404(a).  "A district court may transfer a case *sua sponte* pursuant to § 1404(a), and a motion is not required."  *Kirk Fam. Revocable Tr. v. Flint Ridge Prop. Owners Ass'n*, No. 08–CV–68–TCK–FHM, 2008 WL 5060209, at *4 (N.D. Okla. Nov. 20, 2008).

Courts generally consider the following factors when determining whether a transfer of venue is convenient and in the interest of justice: "the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical."

*Chrysler Credit Corp. v. Country Chrysler, Inc*., 928 F.2d 1509, 1516 (10th Cir. 1991).  But "[t]he convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010).  Ultimately, § 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted).

Upon de novo review and consideration of the relevant factors, the Court concurs with the analysis set forth in Judge Mitchell's Report and Recommendation and concludes that the interests of justice and convenience favor transfer under 28 U.S.C. § 1404(a).  Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 8], and the Clerk of Court is hereby directed to transfer this case to the United States District Court for the Eastern District of Oklahoma.

IT IS SO ORDERED this 18th day of October, 2024.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE